PHILLIPS v. DAWLEY.

## Phillips v. Dawley.

1. ORDERS CONFIRMING SALES. Until a sale of real estate, on execution or order, is confirmed, either party to the same, and also the purchaser may object thereto.

2. RIGHTS OF PURCHASER. A person by becoming a purchaser at a judicial sale, becomes a party thereto, and may both be compelled to complete his purchase, and is entitled of right to an order directing the sheriff to make the deed.

3. ATTACKING ORDER. The order confirming the sale cannot be collaterally attacked. It can only be questioned by a party in interest, and in a proper proceeding to review it.

4. SHERIFF MAKING DEED. If the term of office of the sheriff who made the sale, expire before he make the deed, his successor, and not his immediate successor only, but any other, may make the same.

This was a petition in error to an order made by the District Court for Burt county. The facts fully appear in the opinion.

MASON, Ch. J.

The record in this case shows the following facts: On the eleventh day of September, A. D. 1863, the plaintiff, Phillips, commenced a suit by attachment against Dawley, in the District Court of the then Territory of Nebraska. Certain lands were taken on the writ so issued, on the fourteenth day of September, A. D. 1863. On the seventh day of April, A. D. 1864, the plaintiff recovered a judgment against the defendant for the sum of six hundred and twelve dollars and twenty-four cents, and took an order of sale of the attached property. This order was regularly issued, attested the eighteenth day of April, A. D. 1864, and was executed by a sale of the attached premises on the sixth day of January, A. D. 1865, and the plaintiff became the purchaser. At the June term, 1865, of the District Court

of that county, the sale was confirmed by the court. The sheriff failed to make a deed of the premises to the purchaser.

On the fourteenth day of January, 1869, the plaintiff in the action and purchaser at the sale, filed his motion setting forth in substance the foregoing facts, with a description of the real estate purchased at the sale, and moved the court for an order upon the then sheriff directing the execution of the deed.

Upon this motion a rule was entered, that the sheriff, Elisha Crowell, show cause why the motion should not be allowed and be ordered to execute the deed. In return to said rule, he assigned twenty causes why he should not make the deed, and among others that he has purchased the land of the defendant in the action, Dawley, since the confirmation of said sale. Issues of fact were joined by the plaintiff on the assigned reasons of the sheriff in answer to the rule, except upon the allegation that he had purchased the land of Dawley since the confirmation of said sale. Upon the hearing, the court below discharged the rule on the sheriff and denied the motion. This ruling is assigned for error.

In sales upon orders of attachment and execution under our statute, the whole business is transacted by a public officer under the direction of the law and the guidance and superintendence of the court. Even after the sale is made, it is not final until a report is made to the court and it is approved and confirmed. Up to that time, either party may object to the report of sale, and the purchaser himself, who became a party to the sale, may appear before the court, and if any mistake has occurred may have it corrected. The purchaser, therefore, becomes a party in interest and may represent and defend his interest, and if he acquiesces in the report he is deemed to adopt it and is bound by a decree of court confirming the sale. He may

PHILLIPS v. DAWLEY.

be compelled by the process of the court to comply with the terms of his purchase, and on the other hand the sheriff who makes the sale is by law required and in duty bound to make a deed to the purchaser after the confirmation and order to that effect. Our statute requires the court on the return of an execution showing a sale of land, if satisfied after carefully examining the proceedings of the officer, that it has been made in all respects in conformity with the provisions of the title of the statute relating to executions against the property of the judgment debtor, to make an entry on the court journal to that effect, and order that the officer make to the purchaser a deed of the lands and tenements sold.—*Revised Statute, page* 478, *sec.* 498 *Code.* The court in this case found the sale regular and confirmed the same. The purchaser was, therefore, entitled of right to an order directing the sheriff to make the deed.

The order confirming the sale could not be attacked collaterally. Elisha Crowell was a stranger to this sale ; he could not be heard to question its regularity in this collateral manner. The order confirming the sale entitled the purchaser to a deed, and its regularity could only be questioned by a party in interest in a proper proceeding for the review of final orders and judgments.

In the case of *Hill* v. *Kliny,* 4 *Ohio,* 135, when a return was made on a *venditioni exponas* by the sheriff, in December, 1810, that he had sold certain lands previously levied upon and the sheriff who made the return having died, this return at the December term, 1812, was, on motion of his administrator, ordered to be so amended as to state that the property was unsold for want of bidders; and at the February term, 1828, this order of amendment was rescinded, on motion of the purchaser, at the sheriff's sale in 1810, and an order made upon the sheriff to execute a deed. It was held that these proceedings were regular. When land is sold by a former sheriff, who makes no deed and his term

PHILLIPS *v.* DAWLEY.

of office expires, the deed may be made by his successor, and it is unnecessary that it be his immediate successor.

We think, therefore, that the court erred in discharging the rule and denying the motion of the plaintiff, and an order should be issued that the judgment discharging the rule and denying the motion be set aside, and remanding this cause, with directions to the sheriff to make a deed to the purchaser of the land in respect of which the sale was confirmed at the June term, 1865.

Judgment reversed and cause remanded.