Maxwell, J.
The petition alleges “that on the 13th day of November, 1866, the plaintiff recovered a judgment against the defendants, for the sum of $4,003.65, and $18.63 costs; that by virtue of an execution issued out of the district court of Nemeha county, upon said judgment, dated November 27, 1867, and a venditioni exponas issued from said county on said judgment, dated.April 9, 1868, and both directed to the sheriff of said county, the said sheriff did duly levy upon, appraise, advertise and sell certain real estate of the defendant, W. IT. Denman, situated in said county of Nemeha, at public auction, to the plaintiffs herein, and did by mistake hereinafter set forth, include, and carry through the entire record of the proceedings under said writs, issued upon said judgment, as having been duly levied upon, appraised, advertised, and sold to the plaintiffs under said writs, the following described real estate of the defendant W. H. Denman, situated in said county, to-wit: Lot three in section twenty-six, and lot two in section thirty-five, in town seven, range fifteen east, supposed to contain 52.88 acres; that on the 18th day of September, 1868, said court con *535 firmed said sales, and ordered deeds to be made by the sheriff to the purchasers accordingly; that said sales were made on the 16th day of May, 1868, and the amount bid and paid by plaintiffs at that time for the above described lands, was the sum of $1,090. - * ■* * The lands above described were at the time of said appraisement, advertisement, and sale, and ever since then have been, mere sand banks on the waters' edge of the Missouri river, and absolutely of no value whatever. Near by the lands above described, and separated therefrom only by a slough projecting from said river, is another tract of land, which is good timber land, and of great value — all laboring in said proceeding under said writs, under the gross and material mistake of fact, that the description herein before inserted applied to, and described, said tract of timber land. Said sheriff levied upon said timber land, and the appraisers duly chosen, went upon and appraised the said tract of timber land at the sum of $1,634, and the said plaintiffs purchased the same as aforesaid, for the sum of $1,090, all the time in the full faith that they were levying upon said timber land, and in such full faith and belief afterwards obtained a confirmation of the sale, and a deed from the sheriff for said tracts of land, etc. Wherefore plaintiffs pray judgment that said sale be set aside,” etc.
The defendants demurred to the petition on the ground that the facts stated therein were not sufficient to constitute a cause of action. The court sustained the demurrer, to which plaintiffs excepted and brought the case into this court by petition in error.
In McGhee v. Ellis, 4 Littell, 250, where the debtor had no title to the property sold oh execution, the court say: “ But still it would be iniquity to say that he (the debtor) should avail himself of the advantage and leave the innocent purchaser a loser; and it is in cases where right exists without remedy at law, that á court of equity *536 applies its helping hand. That court, when any legal advantage is gained by one, which he may keep, and that advantage has resulted to him by operation of law in lieu of a former claim or advantage over a third person, will relieve the case by applying the doctrine of substitution, and clothe him who is the loser, for the benefit of him who has gained, with the rights which such gainer first had against such third person.”
In Laight v. Pell, 1 Edwd. Ch., 577, where a mistake had been made in the description of the dimensions of a house, sold on an order of sale, the court say: “A fair competition at master’s sale is encouraged, while at the same time purchasers should understand that no deception will be permitted to be practiced upon them; and in a contract between them and the court, they will not be compelled to carry it into effect under circumstances where it would not be perfectly just and conscientious in an individual to insist upon the performance of it against the purchaser.”
In Muir v. Craig, 3 Blackford, 293, the question presented was whether the purchaser at sheriff’s sale of land to which the execution debtor had no title, but which belonged at the time to the United States, could recover from the debtor in equity the amount of the purchase money paid to the sheriff, though no fraud in relation to the sale be imputed to the debtor. The court say: “We find this question, so far as it could arise in a ease of the sale of a negro, decided in the affirmative by the court of appeals of Kentucky. McGhee v. Ellis, 4 Litt., 224. Our opinion is in accordance with that decision, the principle of which must, we conceive, be applicable to a case of the sale of land. Craig’s debt to Jennings as to $295.00 has been paid by Muir; the consideration for that payment, viz.: the land sold by the sheriff to Muir as Oraig’s property, has entirely failed; Muir must be entitled in equity to recover from Craig, who has received the *537 benefit of the purchase money paid to the sheriff for the land.”
-In Yates <& Woodruff v. Little, 6 McLean, 511, in an action of partition, lots one and two, in block thirty, in Saginaw Oily, with the warehouse and wharf, were appraised at $7,000, and alloted to plaintiffs. Lot three, in block thirty, was appraised at $200 and alloted to the defendant. Little and wife executed a quit claim deed for lots one and two to the plaintiffs. It was afterwards discovered that twenty feet of the warehouse extended on to lot three. The court held: “ The case made by the bill is one of flagrant injustice, thongli it occurred not by the contrivance of the defendant but through the mistake of the appraisers and of the parties. Lots one and two, with warehouse and wharf, were 'valued at $7,000. Can any one suppose that one hundred feet only of the warehouse was valued? Can any one doubt that the entire warehouse and tlié ground on which it stood, with the wharf, were included in the valuation? * * * The parties were misled, and very naturally, by the report of the appraisers. In making partition and executing conveyances, they were governed by that report. They failed to do what the plaintiffs and defendant intended to do, arid it is most unjust and unequitable for the defendant to claim the advantage in the partition which the mistake has given him.”
There is no doubt the rule of caveat emptor applies to all judicial sales of real estate, for the reason, as stated by the supreme court of the United States, that “ from the nature of the transaction, there being no one to whom recourse can be had for indemnity against any loss which may be sustained.” The Monte Allegro, 9 Wheat., 616.
Our statute requires, “whenever execution may be levied upon any lands and tenements, the officer levying the same shall call an inquest of two interested freeholders *538 who shall be residents of the county where the lands taken on execution are situated, and administer to them an oath impartially to apjiraise the property so levied upon, and such officer together with said freeholders shall appraise said property at its real value in money.” It is also provided that in no case shall'the officer sell any such land for less than two-tliirds of the appraised value. These provisions of the law are intended primarily for the protection of the debtor; but-it is reasonable to suppose that a valuation thus made under oath by disinterested freeholders, residing in the county, is frequently accepted by. bidders personally unacquainted with the land offered for sale as a correct estimate of its value, and they bid accordingly.
If it should be made to appear on an application to confirm a sale of real estate that the sale had not been conducted fairly, or that a fair opportunity to bid had not been given to every one desiring to purchase, or that any of the essential requirements of the law had not been complied with, it would be the duty of the court to set the sale aside.
In sales of this kind the court becomes the agent through which the property of the judgment debtor is sold, and the proceeds applied in payment of the judgment. But only real estate to which the debtor has the legal title can be sold on execution, and while there is no warranty of the title, the purchaser takes the interest of the debtor therein. The intention of the law is that the purchaser shall receive an equivalent for the purchase money in the debtor’s interest in the property sold. If therefore the debtor have no interest in the land sold, or if the purchaser receives nothing in return for the purchase money, and he has been induced to purchase under an-entire misapprehension of the facts in regard to the title or condition of the property, a court of equity will grant relief in a proper case, and the rule of *539 caveat emj^tor has no application. It is for the interest of all parties concerned — debtors as' well as creditors — that judicial sales should be fairly conducted in all respects. Ordinarily it will be found that bidders at such sales understand the exact condition of the title of the pi’operty they are endeavoring to purchase. But to refuse relief in a proper case, discourages competition and tends to depreciate the valué of real property offered for sale under process of the court.
The petition clearly states facts sufficient to constitute a cause of action. The judgment of the district court is therefore reversed and the cause remanded for further proceedings, but as the defendants do not appear to have been in fault, the costs will be taxed, to the plaintiffs.
Judgment accordingly.
Lake, Ch. J., concurred.