C. H. & L. J. McCormick, PLAINTIFFS IN ERROR, V. WILLIAM. DRUMMETT AND OTHERS, DEFENDANTS IN ERROR.

1. **Error:** MOTION FOR NEW TRIAL: PETITION IN ERROR. To enable this court to examine and pass upon alleged errors occurring upon a trial to a jury, it is necessary that the attention of the trial court be specifically called to each alleged error in a motion for a new trial, and the same be also specifically pointed out to the supreme court in the petition in error.

2. **Statute of Frauds.** Parol agreements entered into between A. Z., step-father, and W. D., step-son, that said W. D. should have the use of the farming lands of A. Z. during the life of A. Z., in consideration that W. D. would support A. Z. and his wife (mother of W. D.) during their lives. Under which agreement W. D. cultivated the land and raised a crop of grain. The grain was seized in execution upon a judgment against A. Z. W. D. brought replevin. *Held,* that as between the parties to such suit the said agreement is not within the statute of frauds.

ERROR to Jefferson county district court.

The action was one of replevin brought by the Drummetts against the McCormicks to recover property bought by the latter at a sheriff's sale under an execution issued in their favor against Adam Ziegler, the step-father of the Drummetts. Upon a trial before WEAVER, J., verdict and judgment were given in their favor, to which McCormicks took exceptions. Further facts appear in the opinion.

*Slocumb & Hambel,* for plaintiffs in error.

1. The instruction of the court that it was necessary for the defendant in the court below to prove that said execution debtor was the owner of the property in question at the date of the levy and sale, before they

(McCormicks) could derive title to the property, mis-led the jury, and they undoubtedly understood from said instructions that the burden of proof was on the said C. H. & L. J. McCormick. In an action in re-plevin the burden of proof is always on the plaintiff in the case, and unless he shows by a preponderance of evidence that *he* was the owner and entitled to the im-mediate possession of the property in controversy at the time of the commencement of the action, the ver-dict and judgment must be for the defendant, and this is the rule where defendant alleges ownership of prop-erty in himself. *Henderson v. Casteel*, 3 Cr. C. C., 365. *Williamson v. Ringold*, 4 Cr. C. C., 39.

2. The instruction asked for by plaintiffs in error, which was to the effect that the owner of the soil was presumed to be the owner of the crops grown thereon, unless there is evidence of a valid lease of the lands, is, we think, a sound proposition of law; and as the evidence shows that the land on which the grain was raised belonged to Adam Ziegler, it was the right of plaintiffs in error to have the jury informed of the legal effect of that fact, and the court certainly erred in re-fusing the instruction.

*W. H. Snell*, for defendants in error.

1. The statute of frauds applies only to executory contracts, and when a contract is once executed neither party can claim any advantage under the statute. If such were the case, it would be a fraudulent statute and not a statute to prevent fraud. Brown on Statute of Frauds, sec. 467. *Hoby v. Roebuck*, 7 Taunt., 157. *Rakes, admr., v. Pope*, 7 Alabama N. S., 161.

2. A lease of lands for the life of the lessor is not a lease "for a longer period than one year," conse-quently the statute of frauds has no application in this

27

case.   Gen. Statutes, p. 392.   *Peter v. Compton*, 1 Smith's Lead. Cases.   *Peters. v. Westborough*, 19 Pickering, 364.   *Howard v. Burgen*, 4 Dana, 137.   *Lyon v. King*, 11 Metcalf, 411.   *Moore v. Fox*, 10 Johns., 244.

COBB, J.

Upon comparing the petition in error with the motion for a new trial in this case, we find our field of inquiry reduced to narrow compass.   In order to enable this court to examine and pass upon alleged errors occurring upon a trial to a jury, it is necessary that the attention of the trial court be specifically called to each alleged error in the motion for a new trial, and the same be also specifically pointed out to this court in the petition in error.   I will therefore only notice those points in this case which come within those conditions. Several points made in the motion for a new trial are not contained in the petition in error, and will therefore be considered as abandoned by the plaintiffs in error.   There are also some points contained in the petition in error which were not made in the motion for new trial.   These cannot be considered by this court, because it would be unjust to the trial court to reverse its judgment upon a point to which its attention had not been called.   For if the point is a good one we must presume that, had the attention of the trial court been called to it, the result would have been different.

Accordingly I shall consider only the third, fourth, and sixth errors assigned in the petition in error, which are as follows:

"3d.   There was error in admitting parol testimony of defendants in error to prove a lease to them of lands for more than one year."

"4th.   There was error on the trial of said cause in

McCormick v. Drummett.

the court stating orally in the hearing of the jury, upon refusing to give the instructions asked for by the plaintiffs in error, numbered second and fourth, that the statute of frauds had no application to this case."

" 6th. That the court erred in overruling the motion to set aside the verdict in said cause for the further reason that said verdict is not supported by the evidence."

. The third and fourth points may properly be considered together, because if this case is within the statute of frauds, then it was error to receive parol testimony to prove a lease to defendants of lands for more than one year; and it was also error for the court to state in the hearing of the jury, in a manner calculated to carry the same weight with the jury as a formal instruction, " that the statute of frauds had no application to this case." It may be that in order to have availed themselves of any advantage from the last named error, the plaintiffs in error should have prayed the court to have withdrawn the same from the consideration of the jury by an appropriate instruction.

It appears from the evidence in the case that the grain which was the subject of the action was raised by the defendants in error on land belonging to Adam Ziegler, their step-father, under a verbal agreement, entered into between them previous to the planting of the crop, to the effect that the defendants in error should have the use of the land during the life-time of the said Ziegler and his wife (the mother of the Drummetts) in consideration that the latter named parties would cultivate the said land and support the former (Ziegler and wife) during their lives. This evidence was objected to by the plaintiffs in error on the ground that the same amounted to a lease of the land for a term exceeding one year, and the same not being in writing was void under the third and fifth sections of

chapter 25 of the General Statutes, usually called the statute of frauds.

It is urged on the other hand that even if the said agreement is to be considered a lease of the land, yet that it is not within the statute, for the reason that the term is not necessarily one exceeding one year, being for the lives of Adam Ziegler and his wife. We are cited to no authority directly upon this point, nor have I been able to find any within the brief time which I have been able to devote to the subject. But we are cited to several authorities upon the construction of the first subdivision of section 18 of the statute, which declares void " every agreement that by its terms is not to be performed within one year from the making thereof."

The courts of England, Massachusetts, Kentucky, New York, and other states, in construing similar statutes, have declared in effect that a contract. is not void by the statute of frauds, as an agreement not to be performed within a year from the making thereof, if the performance of it depends upon a contingency which *may* happen within the year, although in fact it does not happen until after the expiration of the year.

I think the reasoning of the courts by which they reach the above conclusion is also applicable to the point raised in this case, and that it goes far to support the conclusion that the agreement under which the defendants in error cultivated the land in question cannot be considered a contract for the leasing for a longer period than one year, when the event or events which by its terms is to bring it to an end *may* happen at any time within the year.

But there is another and I think a correct view of this case urged by the defendants in error. This action is not brought upon or to enforce the agreement which is claimed by plaintiffs in error to be void under the

McCormick v. Drummett.

statute. The agreement, whatever it should be considered to be in law, is acquiesced in by all the parties to it. So far as this case is concerned the same has been fully executed. Under its provisions, defendants in error have earned or rather produced the property which is the subject of the replevin in this case. Therefore their ownership of the property is not affected by the legal character of the agreement under which they hold the land, whether the same is within or without the provisions of the statute of frauds.

There was therefore no error in the court admitting parol testimony of the terms upon which defendants in error cultivated the land in question; and as the agreement does not come within the provisions of the statute of frauds, there was no error in the court stating in the hearing of the jury that "the statute of frauds had no application to this case."

As to the sixth point, I think that the verdict is not only sustained by the evidence, but that the great preponderance of evidence sustains the conclusion arrived at by the jury, and that the verdict is in accordance with the law and justice of the case.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.