ADAM ZEIGLER, PLAINTIFF IN ERROR, v. C. H. & L. J. McCORMICK, DEFENDANTS IN ERROR.

**Execution:** LEVY AND SALE OF WRONG PROPERTY: PRACTICE: NEW EXECUTION. Where a levy has been made on property where the debtor had no title or interest, the property sold, the execution returned satisfied, and afterwards the property is replevied by a third party, to whom it is finally adjudged by the court, the creditor may make application to the court to vacate the levy and satisfaction, and to award a new execution. This application is addressed to the power of the court to correct its own records, and this power may be lawfully exercised by the court, on motion accompanied by affidavits and notice.

ERROR to the district court for Jefferson county. Tried below before WEAVER, J.

*W. H. Snell*, for plaintiff in error.

1. At the time of the sale under the execution Zeigler notified the McCormicks that he had no title to the grain levied on, and warned them not to buy. The judgment was satisfied in full by the McCormicks, so they are not entitled to have that satisfaction set aside and a new execution awarded. The authorities to the contrary mainly imply a warranty at an execution sale or are based upon a statute. We have no statute. The rule of *caveat emptor* applies. *Miller v. Finn*, 1 Neb., 292. Rorer on Judicial

Sales, sec. 489.   Freeman on Judgments, sec. 478.   *The Monte Allegro,* 9 Wheat., 616.   And a return of the purchase money cannot be had on a failure of title.   *Friedly v. Scheetz,* 9 Sergt. & Rawle, 156.   S. C. 11 Am. Dec., 691, and note p. 699.   *Young v. McClung,* 9 Gratt., 336.   *Salmon v. Price,* 13 Ohio, 383.   Why should the purchaser beware, if on failure of title he can have his money refunded?   This is granting relief from mistake of law. Broom's Maxims, p. 192.   *Boggs v. Hargraves,* 16 Cal., 562.

2.   The proceeding in the court below was an action, and should have been commenced by petition.   Code, sec. 62.   *Clark v. Hotailing,* 1 Neb., 436.   *Nelson v. Brown,* 23 Mo., 13.

*Slocumb & Hambel* and *S. N. Lindley,* for defendants in error.

1.   Sheriff's return on execution shows that the reason the grain levied upon was not sold, was because Zeigler had, "before the day of sale, threshed and disposed of said grain," and the counter affidavits on the part of defendants in error, together with the presumption in favor of the fairness of the sheriff's sale, fully rebut any idea that the machine levied upon was worth more than what it was sold for by the sheriff.

2.   The record does not show satisfaction of the judgment by the McCormicks, but simply an entry by the clerk of sheriff's return.

3.   While it may be said that there is a conflict of authorities upon the main proposition, yet we think that the weight of authority is in favor of disregarding the mere technicality and doing substantial justice in the premises.   *Riter v. Henshaw,* 7 Iowa, 97.   *Tudor v. Taylor,* 26 Vermont, 444.   *Townsend v. Smith,* 20 Texas, 465. *McGhee v. Ellis,* 4 Littell, 244.   *Piper v. Elwood,* 4 Denio, 165.   *Magwire v. Marks,* 28 Mo., 193.   *Watson v. Reissig,*

24 Ill., 281.    *Muir v. Craig*, 3 Blackford, 293.    *Ontario Bank v. Lansing*, 2 Wend., 260.    *Frasher v. Ingham*, 4 Neb., 536.

COBB, J.

It appears from the record in this case that on the first day of January, 1877, the defendants in error recovered a judgment against the plaintiff in error in the county court of Jefferson county for $135 damages and $18.30 costs of suit. A transcript of such judgment being docketed in the office of the clerk of the district court in and for said county, an execution was issued on the said judgment and placed in the hands of the sheriff, who levied the same upon a quantity of grain in the stack, which he advertised and sold as the property of the plaintiff in error, and which was bid off at said sale by the defendants in error at the sum of $213, $193.33 of which was applied in satisfaction of said judgment, and the balance applied on another judgment against said plaintiff in error, then in the hands of said sheriff. After the satisfaction and return of the said execution the said grain was replevied from the said defendants in error, by William, Charles, and Nelson Drummet, who obtained judgment therefor in the district court, which judgment was affirmed in this court. 9 Neb., 384. On the twenty-fourth of September, 1881, the defendants in error filed their motion in the said district court for an order setting aside the levy and sale of the said property, and to set aside the satisfaction and cancellation of said judgment, and award the issuance of an execution on said judgment, and setting out the grounds of such motion at length. Of this motion the plaintiff in error had due notice, and appeared and resisted the same. Numerous affidavits as well in resistance as in support of the said motion were filed by the respective parties, but no objection seems to have been made to that mode of trial, nor any application to examine or cross-examine

witnesses or affiants in open court.   Upon the matter being finally submitted to the court, it made a final order setting aside the levy and sale of the said property, also annulling and setting aside the satisfaction of the said judgment and reinstating the same, and awarding a new execution thereon, to which plaintiff in error excepted, and brings the matter to this court on error.

I fail to distinguish this case from that of *Frasher v. Ingham*, 4 Neb., 531, so far as the principal question is concerned.   In that case the wrong land was levied upon and sold by mistake, in fact, as to the surveyor's lines and numbers.   The sheriff intended to levy on, appraise, and sell, and at the sale, thought he was selling, and the plaintiff thought he was buying a valuable piece of timber land, when in fact the sheriff was selling and the plaintiff buying a worthless sand bar.   In that case the court say: "The intention of the law is that the purchaser shall receive an equivalent for the purchase in the debtor's interest in the property sold.   If therefore the debtor have no interest in the land sold, or if the purchaser receive nothing in return for the purchase money, and he has been induced to purchase under an entire misapprehension of the facts in regard to the title or condition of the property, a court of equity will grant relief in a proper case, and the rule of *caveat emptor* has no application."

The case at bar is one which concerns personal property. The defendants in error had a judgment and execution against the plaintiff in error.   By mistake of fact they caused the execution to be levied upon the grain of the Drummets, and not upon the property of the execution defendant.   After the sale of the grain by the sheriff, and its purchase by the plaintiffs in execution, and the return of the execution satisfied, the Drummets replevied the grain, and held it by the final judgment of this court.   So it is equally within the law of the case of *Frasher v. Ingham, supra.* But aside from that case, we think the weight of the author-

ities sustain the right of the defendants in error to relief, and that on general principles of law and of justice they ought to have it.

The only remaining question is as to the remedy. The case of *Frasher v. Ingham, supra,* was brought by original bill. The question as to the character of the remedy was not raised. Had it been, I think that it would have been one of more difficult solution than the main question. But whatever might be the decision of that question, I have no doubt of the correctness of the practice of the district court in this case. The case of *Tudor v. Taylor,* 26 Vermont, 444, is an authority as well upon the point we are now considering as upon the main question involved in this case. In that case the court say: "The proceeding in this case is not instituted upon any statutory provision, but it is an application founded upon common law principles, addressed to the power of the court to correct its own records; a power usually exercised on petition or motion, accompanied with affidavits and notice. The power has been frequently exercised in this state, and we entertain no doubt that such power lawfully exists. *    *    *    * The exercise of this power is inherent in all courts of general jurisdiction for the purpose of revising and correcting their own proceedings. In the language of the court in the case last cited, this power exists to correct their records according to the truth if erroneously made, or relieve a party against the unjust operation of a record, or ascertaining by direct inquiry into the matter that the record ought not to have been made. The proceeding is usually on motion, and the power is exercised in a summary way, whenever the court, in the exercise of a sound discretion, considers that the furtherance of justice requires it."

As a question of practice we consider this mode preferable to that of commencing an original suit. It is more in accordance with the spirit of the reformed system of practice. It saves costs, avoids a multiplicity of actions;

and technicalities, and offers a more direct and speedy remedy.

The order of the district court is affirmed.

ORDER AFFIRMED.