JOHN S. AND E. MARY GREGORY, APPELLANTS, AND J. H. McMURTRY, PLAINTIFF IN ERROR, V. REUBEN R. TINGLEY, JOSEPH W. HARTLEY, AND S. M. MELICK, SHERIFF, APPELLEES AND DEFENDANTS IN ERROR.

1. **Amendment of Pleadings and Judgment.** Where real estate in an addition to a city was described as lots 11 and 12 in block 10 of L's addition to Lincoln, the block not being platted, and a further description by metes and bounds, in which the property is not accurately described, it is not error for the court to permit the petition to be amended to contain a correct description of the property, and amend the decree accordingly.

2. **Judicial Sale:** PURCHASER MUST PAY PRICE BID. A party by purchasing real estate at a judicial sale subjects himself to the jurisdiction of the court. *Phillips v. Dawley,* 1 Neb., 320. And the court in a proper case may compel him to complete his purchase by the payment of the money. *Lansdown v. Eldon,* 14 Vesey, 512. *Exrs. of Brashear v. Cortlandt,* 2 Johns. Ch., 505.

3. ———: ———: JURISDICTION OF PURCHASER. A purchaser had given his check on a particular bank, payable on the confirmation of the sale, and after the sale was confirmed stopped payment on the check and refused to receive the deed and pay the purchase price; thereupon a motion supported by affidavits was filed to require the purchaser to pay the money, and an order, after due notice, was entered thereon, requiring him to pay

the money in thirty days; *Held*, Proper practice. The court may proceed summarily against the purchaser, and the officer is not required to bring an action, although he may do so.

APPEAL AND ERROR from district court of Lancaster county. Tried below before MITCHELL, J.

*John S. Gregory, pro se*, and *J R. Webster*, for McMurtry.

*Ryan Bros.*, for Tingley, and *W. J. Lamb*, for Hartley.

MAXWELL, J.

In November, 1882, a decree of foreclosure and sale was rendered in the district court of Lancaster county against lots 11 and 12 in block 10 in Lavender's addition to Lincoln, the plaintiffs and others having an interest in said lots being made parties. That part of Lavender's addition was not platted, and after the description by lots was a further description by boundaries in the decree, as follows: " Beginning at a point 300 feet east of the south-east corner of block (94) ninety-four in the city of Lincoln, and running thence east 100 feet, thence south 142 feet, thence west 100 feet, thence north 142 feet to the place of beginning." The decree was rendered on the 11th of November, 1882. On the 15th of that month, Tingley and Hartley, two of the lien holders, filed a motion to amend the petition by correcting the description above given by inserting the word " north " where the word " south " occurs, and the word " south " where the word " north " occurs, a correct description being set out. The motion was sustained, and on the 18th of that month an amended petition was filed, in which the description is correctly given. To this amended petition Gregory and wife filed a plea in abatement. The case was then appealed to this court, the opinion being reported in 15th Nebraska, 256. After the cause was remanded to the district court the decree was

amended to conform to the petition.    No objection seems
to have been made to this modification of the decree, but a
sale being about to take place under the decree the plaintiffs
brought an action to enjoin the sale, the principal ground
for relief being that the court had no authority to amend
the decree, and therefore the sale was unauthorized.    The
court below found the issues in favor of the defendants and
dismissed the action.

From the facts above stated it will be seen that there is
no equity in the bill.  Lots 11 and 12 in block 10 in Lav-
ender's addition to Lincoln were the property upon which
Kellogg had his lien, and the mistake in the additional de-
scription seems to have misled no one.    It certainly was
the right of the lien holders to have the description cor-
rected to conform to the facts, so that there would be no
impediment to a sale of the property for the highest price
possible to be obtained ; and a party who, like the plaintiffs,
purchased with notice of the facts has no cause of complaint
on that ground.    The injunction, therefore, was properly
dissolved.

Upon the dissolution of the injunction the real estate in
question was sold under the decree.    The plaintiffs filed
objections to the confirmation of the sale which were over-
ruled.    These objections are substantially the same as those
upon which the injunction was sought, and were properly
overruled.    Valid objections to the sale did exist, such as
the failure to advertise said property at least thirty days
before the day of sale.    *Lawson v. Gibson, ante* p. 137.
But they were not made in the court below and cannot be
considered here.    The objections, therefore, were properly
overruled.

The real estate in controversy was sold under the order
of sale to J. H. McMurtry for the sum of $3,250.    Mc-
Murtry gave the sheriff a check on the Capital National
Bank of Lincoln, payable, as sworn to by the sheriff, on the
confirmation of the sale.    The attorney for McMurtry,

however, files an affidavit that "the check was not payable until it should be determined that good title would be assured to him as the result of such sale." Upon the confirmation of the sale the sheriff deposited the check in the First National Bank of Lincoln, and afterwards paid Tingley and Hartley the amount due on their respective decrees. out of the funds so received. Afterwards McMurtry stopped payment on the check. The attorneys for the sheriff thereupon filed a motion supported by affidavits to require McMurtry to pay the amount of said bid into court. Certain counter affidavits were filed, which need not be here considered. On the hearing of the motion the court made an order that said purchaser pay the sum of $3,250 into court within thirty days. This order is now assigned for error.

The power of a court of equity to compel a purchaser to complete his purchase was frequently exercised under the former chancery practice. Thus in executors of *Brasher v. Cortlandt*, 2 Johns. Ch., 505, a tract of land was sold under a decree to one Clay for the sum of $16,000, who paid $50 as a deposit. The sale was confirmed and the master directed to make a deed to the purchaser and receive the purchase money. The master thereupon tendered a deed to the purchaser, who refused to pay the purchase price and receive the deed. An order was thereupon entered requiring him to complete his purchase by the payment of the purchase money with interest, or show cause by a day named why an attachment should not issue against him. The principal ground of defense was, that an appeal had been taken which would arrest all the proceedings. In delivering the opinion the chancellor said: "The purchaser ought in this case to be compelled to complete his purchase. Such an order was made in the case of *Lansdown v. Eldon*, 14 Vesey, 512, and several cases of the like kind in the court of exchequer were there referred to. The Lord Chancellor in that case ordered the purchaser to pay his purchase money within a fortnight or stand com-

mitted; and he observed that a purchaser could not be permitted to baffle the court. * * * I do not mean at present to lay down any general rule on the subject of coercing a purchaser by attachment; but I ought not to hesitate under the circumstances of the case; and I have no doubt the court in its discretion may do it in every case where the previous conditions of the sale have not given the purchaser an alternative. Here it has become necessary in order to give due effect to the authority and process of the court, and to preserve them from being treated with contempt."

In *Jackson v. Edwards*, 7 Paige, 387, it was held that the court will not give a purchaser at a master's sale the benefit of his purchase where he neglects to comply with the terms of sale in a reasonable time, if a resale is deemed more beneficial to the parties. These powers are retained under the code. A party by purchasing at a judicial sale subjects himself to the jurisdiction of the court. *Phillips v. Dawley*, 1 Neb., 320. And he may appear before the court at any time before the confirmation of the sale and ask to be discharged from the same, as where there is a fatal defect in the title or proceedings which cannot be cured by amendment, the court may discharge him and order a return of the deposit or purchase money. *Owen v. Foulder*, 9 Ves., 348. *Morris v. Mowalt*, 2 Paige, 586. The objections, however, must be made before the confirmation of the sale.. There may be special circumstances, as in *Frasher v. Ingham*, 4 Neb., 531, where a sale may be set aside after confirmation, but the question does not arise in this case, and need not be considered. The purchaser in this case knew substantially all the facts relating to the title of the property at the time of the sale. His check was drawn to be paid on the confirmation of the sale, thus giving him the use of the money until that time. This provision was in his favor, and upon the confirmation being made the officer was entitled to the amount of the check. The fact

that a purchaser makes no objection to the sale, as in this case, until after it is confirmed, and then refuses to pay the purchase price because the officer will not guarantee a good title to the property, indicates bad faith on his part and an effort to impede the administration of the law. The court requires good faith on the part of bidders, and in a proper case will require the purchaser to complete his purchase by the payment of the money. This may be done by action, as all the remedies known to the law are open to the officer; but the summary remedy is by motion on notice to the purchaser, and that was the course pursued in this case.

The court will protect its officers as far as possible from loss or damage in the faithful performance of their duties; and as the officer in this case, after the confirmation of the sale, without objection and relying upon the purchaser's check, paid the amounts due to Tingley and Hartley, justice requires that he be protected. It is very clear that justice has been done, and the judgment of the court below is in all things affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.