S. L. RIFE, APPELLEE, V. WILLIAM H. SWANSON ET AL., APPELLEES: CHARLES G. LANE, APPELLANT.

EDWARD C. AUSTIN, APPELLEE, V. LULU E. SPATZ ET AL., APPELLEES: CHARLES G. LANE, APPELLANT.

FILED MARCH 12, 1923. Nos. 22276, 22277.

**Mortgages:** FORECLOSURE: RESALE AT BIDDER'S RISK. A sale under foreclosure was made on March 24, 1921. The sale was confirmed on June 3, 1921. The·purchaser failed to pay the purchase price, and, on motion·filed July 11, the court on July 12, the purchaser being in court by his attorneys, ordered that the confirmation and sale be set

Rife v. Swanson.

aside, and a resale ordered at the purchaser's risk and loss in case the real estate sold for less at the resale than the amount of the bid. The purchaser appeals merely from that part of the order which directs the resale to be at his risk. *Held,* that the order of the district court was justified, and that under the circumstances it was unnecessary to issue an order to show cause before setting aside the sale.

APPEAL from the district court for Nuckolls county: RALPH D. BROWN, JUDGE. *Affirmed.*

*Tibbets, Fuller & Tibbets,* for appellant.

*Stiner & Boslaugh, Rinaker, Kidd & Delehant* and *Buck & Brubaker, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DEAN, JJ., RAPER, District Judge.

LETTON, J.

In this case plaintiff Austin recovered a decree of foreclosure for $10,188 which is a first lien on 320 acres of land. Charles G. Lane is the owner of a fifth lien on the same property amounting to $24,022. On March 24, 1921, at the sale under the decree, the property was sold to Lane for $22,500. Objections to confirmation were filed by Swanson, the owner of the equity of redemption. These objections were overruled, and the sale confirmed on June 3, 1921.

After the deduction of costs and expenses and the amount due prior lien-holders, there was applicable on the lien of Lane from the proceeds of the sale $3,411.51. Swanson gave a supersedeas bond for appeal from the confirmation. On July 11, 1921, at the same term of court, Swanson moved to set the sale aside for the reason that the purchase price had not been paid to the sheriff. Plaintiff Austin and cross-petitioner Drake, the holder of the second lien, also filed a motion setting forth that the amounts ordered to be paid to them by the sheriff from the proceeds of sale are now wholly insufficient on account of the accrual of interest, and pray-

ing: (1) That Lane be ordered to pay the full amount. of his bid; (2) or that security be given by him, and that upon the disposal of the appeal by Swanson he will pay his bid with interest on the decree prior to his; (3.) or that the order of confirmation be modified: to provide for the payment of interest on decrees to the date of their payment; (4) or that the order of confirmation be vacated and the real estate ordered resold at Lane's cost.

The court found that Lane had failed to make payment of his bid. The sale was set aside, and the order of confirmation vacated. The supersedeas bond given by Swanson was canceled, and a resale ordered at the cost of Lane and at his risk and loss in case the said real estate upon a resale shall bring less than the amount of the bid therefor at the sale. The court refused to grant a supersedeas, and Lane appeals.

It is held in *Gosmunt v. Gloe*, 55 Neb. 709: "Sales under executions and decrees of foreclosure are made for cash, and the person making such sale should require the purchaser to pay the amount of his bid at the time of the sale. If the officer fails to do so and reports the sale, he is liable for the purchase price."

The practice in this state for many years by most sheriffs has been to require, at the time of sale, a deposit of enough of the purchase price to cover sale costs, and to wait for the balance of the money until at, or just before, the confirmation of the sale. If this is done, the sale will be upheld. Had the sheriff insisted upon this, as he had the right to do, no trouble would have ensued. Under our former decisions, the court might have enforced the payment of the purchase price by proceedings in contempt (*Phillips v. Dawley*, 1 Neb. 320), or the sheriff might have sued Lane to recover the purchase money (*Jones v. Null*, 9 Neb. 254; *Maul v. Hellman*, 39 Neb. 322). Other cases bearing on the question are *Gregory v. Tingley*, 18 Neb. 318; *Penn Mutual Life Ins. Co. v. Creighton Theatre Building Co.*, 51 Neb. 659. The court also had the power, the purchaser having failed

to comply with his bid, to set the sale aside at his costs and expenses, and to compel him to make good any deficiency in the purchase price at the resale from the amount of his bid at the former sale. *Rowley v. Feldman,* 82 N. Y. Supp. 679; *Camden v. Mayhew,* 129 U. S. 73; 24 Cyc. 45.

Lane is not offering upon this appeal to comply with his bid, but is here objecting to the order of resale at his risk. We are of the opinion that he has no substantial reason to complain of the order. The district court might have applied a much more drastic and summary remedy.

It is said that the court should have made an order to show cause why he should not comply with his bid before setting the sale aside, but we fail to see any reason for this. The motion was made the day before the order was entered. All parties were in court, and it is evident that he did not desire or intend to pay the purchase price. He had made no effort to comply with his bid from March 24 to July 11, and he made no request for time when the motion was filed.

The order of the district court is

AFFIRMED.