Dear Mr. Sayad:
This letter is in response to your opinion request asking the following questions:
 May a member of the St. Louis Board of Police Commissioners be employed by the St. Louis Housing Authority as the Director of Social Services and simultaneously retain his commission on the Board of Police Commissioners? (The Director of Social Services receives compensation for serving in such capacity.)
 May a member of the Board of Police Commissioners serve as a member of the Museum Zoo District Board of Directors after his appointment to the Board of Police Commissioners? (Assume that the Commissioner was appointed to the Police Board after he was appointed to the Museum Zoo Board of Directors.) (A director of the Museum Zoo District Board receives no compensation for serving in such capacity.)[1]
Your question concerns the interpretation of Section 84.080, RSMo 1978, which provides as follows:
 Any one of said commissioners, who, during his term of office, shall accept any other place of public trust or emolument, or who, during the same period, shall knowingly receive any nomination for an office elective by the people, without publicly declining same within twenty days succeeding such nomination, or shall become a candidate for the nomination for any office at the hands of any political party, shall be deemed to thereby forfeit or vacate his office. Any of said commissioners may be removed by the governor of the state of Missouri upon his being fully satisfied that the commissioner is guilty of any official misconduct. [Emphasis added].
The municipal housing authority to which you refer is provided for under Sections 99.010 to 99.230, RSMo 1978 and Supp. 1983. The St. Louis Housing Authority was established by city ordinance and the Housing Authority commissioners are appointed and serve four-year staggered terms. See Sections 99.040 and99.050, RSMo 1978. There seems to be no doubt that the Housing Authority is a municipal corporation. See St. Louis HousingAuthority v. City of St. Louis, 361 Mo. 1170, 239 S.W.2d 289, 294
(Mo. banc 1951).
It is our view that Section 84.080, RSMo 1978, prohibits a police commissioner of the City of St. Louis from accepting "any other place of public trust" or public "emolument". The term "public trust" appears to be somewhat broader than the term "public office". It has been held that the term "public trust" appears to include every agency in which the public, reposing special confidence in particular persons appoints them for the performance of some duty or service and, therefore, the language includes every public officer. Conley v. State, 46 Neb. 187,64 N.W. 708, 710 (1895).
However, in view of the conclusion we reach here, it is unnecessary for us to determine whether the position to which you refer, Director of Social Services, is a position of public trust within the meaning of Section 84.080, RSMo 1978. As we have noted, such section also prohibits the acceptance of any public emolument. "Emolument" has been defined as profit from office employment or labor with the payment being made out of public funds. State Board of Charities and Corrections v. Hays, 190 Ky. 147, 227 S.W. 282, 287 (1921). In our view, the employment of such a member of the St. Louis Board of Police Commissioners as Director of Social Services of the St. Louis Housing Authority for compensation is the acceptance of a public emolument within the prohibition of Section 84.080, RSMo 1978.[2]
Your second question differs from the first in that the assumption is that the Commissioner was appointed to the Police Board after he was appointed to the Museum Zoo Board of Directors and receives no compensation or other remuneration as a Museum Zoo Board Director.
The Museum Zoo Board of Directors is established pursuant to Sections 184.350 to 184.384, RSMo 1978 and Supp. 1983. The district organization is somewhat similar to that of the Housing Authority about which we commented above. The Museum Zoo District Board is appointed pursuant to the provisions of Section184.354, RSMo 1978. Its members serve without compensation.
Because Museum Zoo Board members do not receive any compensation or other remuneration for their services, Museum Zoo Board members do not accept "other public emoluments" for purposes of Section 84.080, RSMo 1978. A member of a Zoo Board holds a place of public trust, as explained supra. However, in this instance, the Zoo Board membership was accepted prior to the occupancy of the office of police board commissioner. Accordingly, the provisions of Section 84.080, RSMo 1978, do not apply.
Missouri also recognizes the common-law rule that one cannot, while occupying one public office, accept another office that is incompatible with the first office accepted. State exrel. Walker v. Bus, 135 Mo. 325, 36 S.W. 636, 637 (banc 1896).
An examination of Sections 184.350 to 184.384, RSMo 1978 and Supp. 1983, and Sections 84.010 to 84.340, RSMo 1978 and Supp. 1983, shows that the Police Board and the Museum Zoo Board are distinct and separate entities, and that Police Board and Museum Zoo Board members have no conflicting duties. We believe there is no common-law incompatibility between the offices of Museum Zoo Board member and Police Board member.
Accordingly, we believe a member of the Museum Zoo Board may accept the office of St. Louis Police Board Commissioner.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] We note that Section 84.020, RSMo 1978, makes the Mayor of the City of St. Louis an ex officio commissioner on the St. Louis Board of Police Commissioners. We assume for purposes of this opinion that neither of the commissioners in question are exofficio commissioners.
[2] As is our custom, we solicited the views of affected persons on the questions raised prior to issuing this opinion. The Police Commissioner to whom the first question applies stated that he could perceive no conflict of interest in his position as a Police Commissioner and his position as the Director of Social Services for the St. Louis Housing Authority. We have no reason to dispute his conclusion as to the presence or absence of a conflict of interest. Nevertheless, in our view the General Assembly has created an irrebuttable presumption of disqualification upon the acceptance of a public emolument by a Police Commissioner; the actual presence of a conflict of interest is, therefore, irrelevant to the question.