La Flume v. Jones.

N. LA FLUME, PLAINTIFF IN ERROR, v. J. S. JONES, DEFENDANT IN ERROR.

1. **Judicial Sale.** Under the act of 1875, providing "for the more equitable appraisement of real property under judicial sale," it is not error for the sheriff to neglect to take steps to ascertain what liens, prior to the order of sale, there were upon the land, it not being shown that any such liens in fact existed.

2. ———: OATH OF APPRAISERS. In such case, where the oath of the appraisers was "impartially to appraise the property to be sold" instead of the "interest" of the defendant therein, inasmuch as there could be no interest greater than the entire value of the land, it was not an error for which the sale should be set aside.

3. ———: COPY OF APPRAISEMENT DEPOSITED. When the record is silent as to when the copy of the appraisement was deposited, it will be presumed that the sheriff did his duty and deposited it in due time. It may be deposited any time before sale.

4. ———: CONSPIRACY TO PREVENT COMPETITION: PROOF OF. Affidavits containing merely hearsay statements, are not sufficient to establish the charge of conspiracy to prevent competition in bidding at judicial sale.

ERROR from the district court of Richardson county. The facts necessary to an understanding of the case are stated in the opinion.

*Schoenheit & Cotton,* for plaintiff in error.

*T. C. Hoyt,* for defendant in error.

LAKE, CH. J.

This case is brought here to obtain a review of an order of the district court for Richardson county, confirming a sale of real estate under execution. The order for the sale of the premises was issued on a judgment, rendered on the 28th day of September, and the sale took

place the 24th of December, 1875. A motion was made to set this sale aside for several reasons, all of which were overruled, and an order of confirmation entered, to all of which exceptions were duly taken. We will dispose of these objections in the order observed in the motion.

I. This sale was made since the passage of the act providing "For the more equitable appraisement of real property under judicial sale." Session Laws, 1875, page 60. The first section of this act provides that the interest merely of the judgment debtor in lands taken on execution shall be appraised and sold. Subsequent sections provide how that interest shall be ascertained, etc.

The first objection specified in the motion is, that the sheriff failed and neglected to take any steps whatever, as the law requires, to ascertain what prior liens there were upon the property. The act directs that the sheriff and appraisers in making the appraisal are to appraise the interest of the judgment debtor in the land, after deducting the amount of all liens and incumbrances of record existing thereon. But in this case it nowhere appears that there were any liens or incumbrances whatever upon the property. And the presumption is that there were none. And, even if it be conceded that there were, we do not see how the failure to notice them could have prejudiced the defendant. Indeed, if such were the fact, it would, as it seems to us, rather have inured to his benefit; for the valuation was thereby increased beyond what it ought to have been just the amount of such liens, and the purchaser, nevertheless, was compelled to pay at least two-thirds of the appraised value. No sale could have been made unless at least that amount were bid. This objection to the sale was not well taken.

II. The second objection is, that the appraisers "were not sworn as the statute directs." It appears that the

oath, which the sheriff administered, conformed precisely to our former appraisement law. It required them "impartially to appraise the property to be sold," whereas the new statute requires the oath to be "impartially to appraise the interest" of the defendant therein, by deducting "from the real value of the land and tenements levied on, the amount of all liens and incumbrances for taxes or otherwise, prior to the lien of the judgment under which execution is levied."

Therefore, in proceeding strictly in conformity to the letter of our present law, the cash value of the land, without regard to prior incumbrances, must be first ascertained, from which "all liens and incumbrances" prior to the judgment under which the sale is about to be made, must be deducted, and the residue, if any, returned, as the appraised value of the interest to be sold. If there be no such liens or incumbrances, then, of course, the full cash value of the land should be returned by the appraisers; and this is precisely what they were sworn to do, and what they, in fact, did in this case. In view of the fact, that there were no liens or incumbrances upon the land, we do not think this technical deviation from the language of the statute, in administering the oath, should be held to vitiate the sale. Even if it be conceded that there was a technical error in this respect, it is error without prejudice, for which the order confirming the sale ought not to be disturbed.

III. The next objection is, that "the sheriff and appraisers did not appraise the interest of the defendant at its real value in cash, as required by law."

In addition to what has already been said, which is entirely applicable to this objection, it may not be amiss to add, that it is impossible to conceive, or for the defendant in execution to have, an interest greater than the

full value of the fee. The full cash value having been ascertained, that would cover any possible interest that he could have had.

IV. The fourth objection is, that "the appraisers did not deduct from the real value of the lands and tenements levied on, the amount of all liens and encumbrances," etc. The short and satisfactory answer to this objection is, that it nowhere appears, that there were any to deduct; and *second*, that even if there were, no person other than the purchaser at the execution sale could have been injured, or have the least interest in their being deducted.

V. The next point relied on is, that the "sheriff failed to deposit a copy of the appraisement  *  *  * with the clerk." In answer to this objection, it may be said, that the record is silent as to when such copy was in fact deposited. It shows simply, that a copy of the appraisment was in fact deposited. It will, in such case, be presumed, that the sheriff did his duty, and made the deposit before the publication of the notice of the sale. But, even if the sheriff had neglected his duty in this respect, it would not be ground for setting the sale aside, if it were in fact deposited before the sale took place. *Merritt v. Borden*, 2 Disn., 503.

VI. The sixth objection is a general charge, that there was no valid appraisement of the property. This, after what has already been said, may be passed without further comment.

VII. It is also objected, that there was no notice of the sale given as required by the law. The sheriff's return shows affirmatively, that he gave notice of the sale in the usual form, and for more than thirty days

immediately preceding the day of sale, "in the Globe Journal," a newspaper printed, and of general circulation, in said county. No specific defect in the notice is pointed out; and we have failed to discover any reason for this objection.

VIII. The only remaining objection is, that "a combination was entered into on the day of sale   *   *   * between one John Randolph, the purchaser,   *   *   * and one G. C. Holt, a party who came to bid on said property, to the effect, that the said Randolph would pay to said Holt "the sum of ten dollars to abstain from bidding against him." In support of this objection certain affidavits were filed, but they fall very far short of establishing the truth of the charge. They are merely hearsay statements of what Holt had said took place between him and Randolph, respecting the bidding at the sale. But this man Holt was one of the appraisers of the land, and could not properly have been a purchaser of the property at said sale.

These are the only errors complained of, and they furnish no sufficient reason for setting the sale aside. The order of the district court is therefore affirmed.

AFFIRMED.