(Decided 27th June, 1878.)

---

ANNIE C. SCHAEFER *vs.* WILLIAM J. O'BRIEN, Trustee, and THE AMICABLE PERMANENT LAND AND LOAN COMPANY OF BALTIMORE CITY.   JOHN ROST *vs.* THE SAME.

*Sale of Mortgaged premises—Order of Re-sale at the risk of the Purchaser, without Notice, erroneous—Sale to be Ratified before order of Re-sale can be properly passed—Proceedings against Purchaser failing to comply with terms of Sale—When the costs and expenses attending Sale may be imposed upon Purchaser in default—When Court may direct a Re-sale at risk of Purchaser.*

A trustee made report of the sale of certain mortgaged real estate, and on the same day of reporting the sale, he filed a petition alleging the failure of the purchaser to comply with the terms of sale, and praying an order for re-sale; thereupon an order for re-sale at the risk of the purchaser was passed without giving him notice, or affording him an opportunity to be heard. Under the order of re-sale the property was re-sold. The first purchaser

Schaefer *vs.* O'Brien, &c.   Rost *vs.* Same.

filed a petition asking that the order for re-sale be rescinded, and that the first sale be ratified, alleging himself willing and ready to comply with the terms of sale as prescribed by the decree. He also filed exceptions to the second sale, as did also the mortgagor. On appeal from the order of the Court overruling these exceptions, and finally ratifying and confirming the second sale, it was HELD :

1st. That the first sale having been reported by the trustee, no order affecting the rights of the purchaser should have been passed without notice, and an opportunity afforded of showing cause against such order.

2nd. That the order for re-sale was clearly erroneous and without warrant in law, as it was not only passed *ex parte* and without notice, but the re-sale was ordered to be made at the risk of the purchaser.

3rd. That this could not be done until the first sale was ratified. The party must be accepted as the purchaser, and the sale ratified, before he can be proceeded against for the enforcement of the contract of purchase.

4th. That where a sale is reported and the purchaser refuses to comply with the terms of the sale, the Court may, upon representation by the trustee or other party in interest, order that cause be shown why the terms of sale are not complied with, and if sufficient cause be not shown, the Court, considering all the circumstances, if there be no other sufficient cause to the contrary, may either ratify the sale or set it aside, as will best subserve the interest of the parties concerned.

5th. That in such case if the sale be set aside, the Court may properly impose upon the party returned as purchaser, all the costs and expenses attending the sale, as the condition of his release from the purchase and the consequences of his default.

6th. That if the sale be ratified, and the party still fail to comply, the Court may then proceed in a summary way, by order *nisi* and final order, to direct a re-sale of the property at the risk of the purchaser.

APPEALS from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*C. Dodd McFarland*, for the appellant, Mrs. Schaefer.

Schaefer *vs.* O'Brien, &c.   Rost *vs.* Same.

*Fetter S. Hoblitzell,* for the appellant, Rost.

*William J. O'Brien,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

There are two appeals in this record; one by Rost, the purchaser at the first sale, and the other by Mrs Schaefer, the mortgagor; both taken from the order of the 1st of October, 1877, overruling all exceptions to the re-sale of the mortgaged premises, and finally ratifying that sale as reported to William A. Hampson.

The proceedings upon which the order appealed from is based are so radically defective, that they cannot for a moment be sustained. The original sale was made to Rost on the 24th of July, 1877, for $6700, and was duly reported by the trustee on the day after. On the same day of reporting the sale, the trustee, by petition, alleged the failure of the purchaser to comply with the terms of sale; whereupon an order for re-sale at the risk of the purchaser was forthwith passed, without giving the purchaser notice, or affording him in any way the slightest opportunity to be heard. The trustee then proceeded to execute the order of re-sale, and on the 21st of August, 1877, sold the property to William A. Hampson for $6650.

Rost, the first purchaser, filed a petition asking that the order for re-sale be rescinded, and that the first sale be ratified, and in the petition he alleges himself willing and ready to comply with the terms of sale, as prescribed by the decree. He also filed exceptions to the sale made to Hampson, and urged as grounds for setting aside such sale, his rights as purchaser under the first sale. Mrs. Schaefer, the mortgagor, also filed exceptions to the sale to Hampson.

The first sale having been reported by the trustee, it is very clear that no order affecting the rights of the purchaser should have been passed without notice and an oppor-

tunity afforded of showing cause against such order.   But the order for the re-sale was clearly erroneous and without warrant in law, as it was not only passed *ex parte* and without notice, but the re-sale was ordered to be made at the risk of the purchaser    This could not be done until the first sale was ratified.   The party must be accepted as the purchaser and the sale ratified, before he can be proceeded against for the enforcement of the contract of purchase.   The summary proceeding against a defaulting purchaser to obtain an order of re-sale at his risk, is grounded upon the equitable lien held and controlled by the Court as vendor of the property, for the benefit of those interested in the proceeds of sale.   Such lien is but the incident of the sale, and does not come into existence, to form the ground of proceeding, until the contract of purchase is consummated.    *Anderson vs. Foulke,* 2 *H. & G.,* 346, 363, 368 and 372.

If, however, a sale be reported, as was done in this case, and the purchaser refuse to comply with the terms of sale, upon representation by the trustee, or other party in interest, the Court may order that cause be shown why the terms of sale are not complied with ; and upon the failure of the party reported as the purchaser to show sufficient cause for his refusal or failure to comply, the Court may then, considering all the circumstances of the case, if there be no other sufficient cause to the contrary, either ratify the sale or set it aside, as will best subserve the interest of the parties concerned.   In such case, if the sale be set aside, the Court may properly, as terms of releasing the party from the purchase, and as the consequence of his own act, impose upon him all the costs and expenses attending the sale thus set aside because of his default. But if the sale be ratified, and the party still fail to comply, the Court may then proceed, in a summary way, by order *nisi* and final order, to direct a re-sale of the property at the risk of the purchaser.   And this course should have been pursued in this case.

It follows that the sale made to Hampson must be set aside, and the order under which it was made must be treated as improvidently passed. And as the reported sale to Rost was neither set aside nor confirmed, the report of that sale is still before the Court for final action. If Rost does not comply with the terms of sale, such proceedings may be taken as we have already indicated to be proper in such case.

And as to the appeal of Mrs. Schaefer, the mortgagor, inasmuch as the sale to which she excepts is set aside, her exceptions become immaterial, and are therefore not considered.

*Order reversed, and*
*cause remanded for*
*further proceedings.*

(Decided 27th June, 1878.)