REBECCA JONES AND OTHERS, PLAINTIFFS IN ERROR, v. WILLIAM NULL, DEFENDANT IN ERROR.

1. **Judicial Sale:** APPRAISEMENT: PRACTICE. Where the sheriff causes real estate to be appraised under an order of sale, he should forthwith deposit a copy of the appraisement with the clerk of the district court. He must do so before the sale.

2. ———: RE-SALE OF PROPERTY. Where a purchaser at a judicial sale refuses to comply with his bid, the officer may bring an action for the purchase money, or he may at once re-sell the property, but he cannot wait until the sale is closed, and the bidders have departed, before again offering the property for sale.

3. **Practice:** FINAL JUDGMENT. No exception is necessary to a final order or judgment.

ERROR to the district court for Gage county.

NOTE.—When not necessary to post notices of sale, see *Parrat v. Neligh*, 7 Neb., 456. See also note to case of *Sessions v. Irwin*, 5 Neb., 5.—REP.

*Colby & Hazlett* ( *W. H. Ashby* with them), for plaintiffs in error, cited Laws of Neb., 1875, p. 60. *Mercer v. Doe*, 6 Ind., 80. *La Flume v. Jones*, 5 Neb., 259. *Merritt v. Borden*, 2 Disn., 503.

*Mason & Whedon*, for defendant in error.

MAXWELL, CH. J.

This is a proceeding to reverse an order of the district court of Gage county confirming a sale of certain real estate in said county. The sheriff's return to the order of sale states that a copy of the appraisement was forthwith deposited with the clerk of the district court of said county. The clerk's filing on the copy, however, shows it to have been filed on the 16th day of March, 1878, the sale having taken place on the 8th of that month.

In *La Flume v. Jones*, 5 Neb., 259, it was held that where the record is silent as to when the appraisement was deposited with the clerk, it will be presumed that the sheriff did his duty, and deposited the copy within the time required by law. It was also held that it must be deposited before the sale. The sheriff should perform [the duty enjoined upon him by the statute forthwith, and deposit a copy of the appraisement with the clerk of the court, so that it may be examined by those interested in the property, and by those desiring to purchase. The appraisement of property is one of the reasonable checks provided by the legislature against the oppression of the debtor and the sacrifice of his property. It is the policy of the law to encourage competition at judicial sales, and this can only be done by permitting bidders to examine the title and the amount of incumbrances on the property, as found by the appraisers. The duty of depositing a copy of

the appraisement as required by law is not a matter of mere form, but a substantial right of the debtor, and the sheriff has no authority to sell until this is done.

The return of the sheriff states that he sold a portion of said real estate " to L. W. Colby for the sum of $1,925, and one hour after said sale the said Colby refused to pay the said sum bid by him until the confirmation of sale, and thereupon I resorted to the place of said sale and sold the said land to James M. Armstrong for $1,900," etc. It will scarcely be contended that the sheriff had authority thus to sell. In case of the refusal of a purchaser to comply with his bid, the officer may bring an action for the purchase money, or he may at once re-sell the property; but he cannot wait until the sale is closed and the bidders have departed before again offering the property for sale.

The defendant contends that as the plaintiff failed to except to the order overruling the exceptions and confirming the sale, that therefore no foundation is laid for the reversal of the judgment. No exception is necessary to a final order or judgment. *Morrow v. Sullender,* 4 Neb., 375. *Commercial Bank v. Cunningham,* 12 Ohio State, 402. *Black v. Winterstein,* 6 Neb., 224. The reason is, the court, having had time for mature consideration of the subject, is bound to render a decision according to law, without any exception or objection being made to the decision.

The return states that, " finding no goods or chattels of the said defendants  *  *  whereon to levy, whereupon I, on the 14th day of February, 1878, levied the same on the lands and tenements described," etc. On an order of sale the command is to sell the lands therein described, and there is no authority under such order to levy upon goods and chattels. And no levy upon the lands is necessary. As is said in

*Rector v. Rotton*, 3 Neb., 177, "by its judgment the court simply enforces a contract of sale voluntarily made by the owner," and the decree of the court operates directly upon the mortgaged premises. That portion of the return, however, may be rejected as surplusage, but it is better to omit it altogether.

The return also states that the officer, in addition to publishing the notice of sale in a newspaper, posted a copy of the same " on the court house door, and in five other public places in said county, two of the said notices being posted up in the precinct where such lands and tenements are situated." There is no law that requires the posting of notices where the advertisement is published in some newspaper printed in the *county* in which the lands to be sold are situate. It is only in cases where no newspaper is printed in the county, and where the advertisement must be published in some newspaper in general circulation therein, that notices are required to be posted up. This matter, however, would not affect the validity of the sale, but merely the question of costs. The judgment of the district court is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.