CALVIN J. ALLRED, APPELLANT, VS. WILLIAM E. MC-GAHAGAN, APPELLEE.

1. A court of equity has power to make and enforce an order requiring a purchase of property at a sale by its master to pay the amount of his bid into the court; but before making such order the court must confirm the sale.
2. The cases of *Petty vs. Mays*, 19 *Fla.* 652, and *Brown vs. Marzyck*. 19 *Fla.* 840, *cited and distinguished.*

Appeal from the Circuit Court for Marion county.

STATEMENT.

On July 14, 1891, Samuel F. Marshall, master in chancery, filed a report in the case of William E. Mc-Gahagan, complainant, against Thomas J. Myers, de-

fendant, then pending in the Circuit Court of Marion county, stating that a final decree was entered in said cause on May 27, 1887, by which it was ordered and decreed that on failure of the defendant therein to perform the decree by paying complainant the sum of money therein mentioned at the time specified, the said Marshall, as master in chancery, should sell at public auction the lands described in the decree, the sale to be made agreeably to the rules of court and in accordance with the statute in such case provided; that defendant having failed to perform the terms of the decree, the said master advertised said lands for sale in the Ocala Banner, a newspaper published in Ocala, said county, for thirty days, one publication each week, and on July 6, 1891, being a legal sale day, during legal sale hours, and thirty days subsequent to the first publication of the notice of sale, at the time and place named therein, the lands described in the decree were by the master offered for sale at public auction, and were sold to C. J. Allred for $3,000, he being the highest bidder; that said master, after the land was struck off to said Allred, notified Allred of his readiness to make and execute to him a deed of conveyance, pursuant to the sale, upon his paying the amount of his bid, but that Allred had not complied with the sale by paying the amount of such bid. On the same day the court made an order, requiring the clerk to issue a rule to said Allred, returnable July 17, 1891, requiring him to show cause why he should not be required to pay to the master the sum of $3,000 and interest from the date of sale. The rule was issued on same day, in accordance with the order. On July 17, 1891, Allred filed his answer to the rule, claiming that he should not be required to pay the

amount of his bid to the master because: 1st. He had been served with a writ of garnishment of said moneys issued on July 6, 1891, by the Circuit Court of Marion county in a common law suit, wherein Thomas J. Myers was plaintiff and William E. McGahagan was defendant. 2d. The master had never tendered a deed to the lands sold for his inspection or acceptance. 3d. The lands sold by the master had been acquired by defendant Thomas J. Myers under the homestead laws of the United States as a homestead settler thereon, and that the debt under which the lands were sold was a debt contracted prior to the issue of the patent by the United States to said Myers conveying said land to him.

On July 22, 1891, notice was served upon Allred by McGahagan's solicitors that the cause was set down for hearing upon the rule and answer, and that on July 25, 1891, the court would be requested to hear and dispose of the rule. On July 31, 1891, the court made an order that the answer to the rule was insufficient, that the rule be absolute, and requiring Allred to pay the amount of his bid, $3,000, and interest from July 6, 1891, into the registry of the court by August 4, 1891. From these orders this appeal was taken.

The other facts in the case are stated in the opinion of the court.

*Jas. D. McConnell*, for Appellant.

*George H. Badger* and *R. McConathy*, for Appellee.

CARTER, J.:

The first and fifth assignments of error are as follows: "1st. The court erred in making the order of July 14, 1891, authorizing the issuance of a rule against appellant to show cause why appellant's bid should not be paid, the report of the master of the purchase not having been at that time, nor since, confirmed by the court below." "5th. The court erred in holding respondent liable to pay the amount of his bid before confirmation of the sale by the court."

There is no doubt that a court of equity has power to make an order and enforce it, requiring a purchaser of property at a sale by its master, to pay the amount of his bid into court, but it is uniformly held that before making such order the court should confirm the sale. The rule stated in 2 Daniell's Chancery Pleading and Practice, page 1281 is as follows: "The rule, that the master's report of a purchase must be absolutely confirmed before the contract can be considered as binding, applies equally to cases in which it is sought to compel a purchaser to complete his purchase, as where it is sought to enforce the contract against the vendor. As a preliminary step, therefore, towards enforcing the completion of the contract, it is necessary to have the report confirmed." To the same effect are 2 Freeman on Executions, sec. 304a; Note to Mount vs. Brown, 69 Am. Dec. 365; Wiltsie on Mortgage Foreclosures, sec. 553; Campe vs. Saucier, 68 Miss. 278, 8 South. Rep. 846; Schaefer vs. O'Brien, 49 Md. 253; Anderson vs. Foulke, 2 H. & G. (Md.) 346. This court in the cases of Petty vs. Mays, 19 Fla. 652, and Brown vs. Marzyck, 19 Fla. 840, held that where decrees of foreclosure directed the master to make sale

of mortgaged property and to execute and deliver to the purchasers deeds of conveyance, the deeds so executed and delivered to and accepted by the purchasers were evidence of the purchasers' title, without a formal order confirming the sales, but these cases do not hold that the purchasers at the foreclosure sales could have been required by rule to pay the purchase money and accept such deeds from the master, without a prior confirmation of the sales. In this case it is not claimed that the masters' sale has ever been confirmed, and, in the absence of such confirmation, it was error for the court to issue or make absolute the rule against the purchaser.

The several orders appealed from are reversed, and the cause remanded for such further proceedings as may be agreeable to chancery practice and consistent with this opinion.