HENRY GOSMUNT, APPELLANT, V. PETER GLOE ET AL., APPELLEES.

FILED SEPTEMBER 23, 1898. No. 8185.

1. **Right to Redeem Realty from Judicial Sale:** CONFIRMATION. The right of the owner of real estate to redeem the same from sale under an execution or order of sale is purely statutory, and he must avail himself of the right prior to the confirmation of the sale.

2. ———: ———. The failure of the purchaser at a judicial sale to pay the amount of the bid prior to confirmation does not render the sale void, nor does it extend the statutory period for redemption.

APPEAL from the district court of Lancaster county. Heard below before HALL, J. *Affirmed.*

The opinion contains a statement of the case.

*Lamb & Adams,* for appellant:

If a party bids at an auction sale, knowing that he is not in a position to comply with the terms of sale, the sale is absolutely void, and no title passes, and the bidder is not in a position to claim any rights under his bid. (*Dazet v. Landry,* 30 Pac. Rep. [Nev.] 1068; *Nebraska Loan & Trust Co. v. Hamer,* 40 Neb. 282; *Swortzell v. Martin,* 16 Ia. 522; *United States v. Vestal,* 4 Hughes [U. S. C. C.] 467.)

The sale on credit, false return, and confirmation ren-

dered the proceedings void. (*Thompson v. McManama*, 2 Disn. [O.] 214; *Camden v. Mayhew*, 129 U. S. 84; *Negley v. Stewart*, 10 Serg. & R. [Pa.] 207; *Robins v. Bellas*, 2 Watts [Pa.] 359; *Smith v. Fort*, 10 S. E. Rep. [N. Car.] 914; *Sauer v. Steinbauer*, 14 Wis. 76; *Griffin v. Thompson*, 2 How. [U. S.] 244; *Williamson v. Berry*, 8 How. [U. S.] 544; *Sedgwick v. Fish*, 1 Hopk. Ch. [N. Y.] 669; *Isler v. Colgrove*, 75 N. Car. 341; *Michel v. Kaiser*, 25 La. Ann. 57; *Humphrey v. McGill*, 59 Ga. 649; *Walworth v. Readsboro*, 24 Vt. 252; *Illingworth v. Miltenberger*, 11 Mo. 80; *Dickenson v. Gilliland*, 1 Cow. [N. Y.] 498; *Ex parte State Bank*, 15 Ark. 267; *State v. Lawson*, 14 Ark. 121; *United States v. Haytian Republic*, 64 Fed. Rep. 214; *Rickards v. Cunningham*, 10 Neb. 417.)

Failure of the purchaser to pay at the time of the purchase, at least, extends the time and right of redemption of the plaintiff during such period as the purchaser is in default. (*Siggett v. Firestone*, 96 Ind. 260; *Argo v. Oberschlake*, 48 Ill. App. 289; *Maina v. Elliott*, 51 Cal. 8; *Ruckle v. Barbour*, 48 Ind. 274; *Smith v. Fort*, 10 S. E. Rep. [N. Car.] 914.)

*Boehmer & Rummons, contra.*

References: *Tootle v. White*, 4 Neb. 401; *Swearinger v. Roberts*, 12 Neb. 336; *Robertson v. Vancleave*, 15 L. R. A. [Ind.] 68; *Power v. Larabee*, 57 N. W. Rep. [N. Dak.] 789; *Gates v. Ege*, 59 N. W. Rep. [Minn.] 495; *Phillips v. Dawley*, 1 Neb. 320; *Gregory v. Tingley*, 18 Neb. 320; *Maul v. Hellman*, 39 Neb. 329; *State v. Graham*, 21 Neb. 329; *Forbes v. McCoy*, 24 Neb. 702.

NORVAL, J.

On May 24, 1894, a decree foreclosing a real estate mortgage was rendered in the district court of Lancaster county in a cause then pending in said court wherein James H. Brown, trustee, was plaintiff and Henry Gosmunt was defendant. A stay of nine months was taken,

and at the expiration of such stay an order of sale was issued in the case, which was delivered to the sheriff, and the premises were sold thereunder by him on April 2, 1895, to one Peter Gloe for the sum of $3,250. The amount of the bid was not paid to the officer at the time of the purchase, nor until April 19, 1895. The sheriff made return to the court of the order of sale, reporting that he had sold the lands to Gloe for the sum stated above. On April 6, 1895, the sale was confirmed by the court, and a deed was ordered to be made by the sheriff to the purchaser for the real estate embraced within the decree. On April 19, 1895, Peter Gloe paid in cash to the sheriff the sum of $3,250—the amount of his bid—and the officer thereupon delivered to said purchaser a deed of said lands. On the same day, and after Gloe had paid the said amount to the sheriff, and the former was yet in the office of the latter, and while the said money was being counted by the sheriff, the attorney for Henry Gosmunt stated to the officer in the presence of Gloe that Gosmunt desired to redeem said land, and would pay the necessary money therefor to the sheriff, if he would receive and accept the same, which offer the sheriff declined. On April 23, 1895, John Menke, for and on behalf of Gosmunt, tendered to Gloe the sum of $3,250, with interest to that date, and requested the execution by the latter of a quitclaim deed to Gosmunt to the land. Gloe declined to either accept the money or execute the deed. Subsequently this action was instituted to redeem the premises, and from a decree adverse to the plaintiff he prosecutes an appeal.

The right of the owner of real estate to redeem the same from sale under an execution or order of sale is purely statutory, and, to entitle one to redeem, he must bring himself within the purview of the law. By section 497a of the Code of Civil Procedure power is given to redeem from a decree of foreclosure or the lien of a levy of an execution upon real estate at any time prior to the confirmation of the sale by a court having jurisdiction. Unless

the right is exercised within that time it is lost. It has been ruled that where an appeal is taken from an order confirming the sale of real estate, and an appeal bond is given for that purpose, the right to redeem continues until the appeal is disposed of in the appellate court. (*Philadelphia Mfg. & Trust Co. v. Gustus*, 55 Neb. 435.) This is upon the ground that the order of confirmation is suspended and not in force while the appeal remains undetermined.

The confirmation of the sale in the case at bar was not resisted, nor has any appeal been prosecuted from the order approving and confirming the sale. No attempt was made to redeem until after the sale was confirmed by the court below. So that it cannot be successfully asserted that plaintiff invoked the provisions of the statute within the period prescribed for redemption, unless the sale was absolutely void, as argued by plaintiff's counsel, because the purchaser failed to pay the amount of his bid at the time the premises were struck off to him. Sales under executions and decrees of foreclosure are made for cash, and the person making such sale should require the purchaser to pay the amount of his bid at the time of the sale. If the officer fails to do so and reports the sale, he is liable for the purchase price. Probably the failure to pay the amount of the bid might be sufficient ground for vacating the sale. But the omission to pay the money does not render the sale void, else the successful bidder could not be compelled to comply with the terms of his purchase by paying the money, as this court has held may be done. (*Phillips v. Dawley*, 1 Neb. 320; *Jones v. Null*, 9 Neb. 254; *Gregory v. Tingley*, 18 Neb. 318; *Maul v. Hellman*, 39 Neb. 322. See also *Allred v. McGahagan*, 39 Fla. 118, 21 So. Rep. 802; *McCarter v. Finch*, 36 Atl. Rep. [N. J.] 937; *Robertson v. Smith*, 26 S. E. Rep. [Va.] 579.) The sale was not rendered invalid by the failure of the purchaser to pay the amount of his bid before the sheriff made his return, and the authorities cited in the brief of plaintiff do not sustain the contention that the fail-

ure of the purchaser to make payment of his bid rendered the proceedings void, nor do they sustain the position that plaintiff was entitled to redeem under the facts disclosed by this record. The decision of the district court is right, and is accordingly

AFFIRMED.