[No. 14169. Department Two. February 7, 1918.]

CANNON HILL COMPANY, *Appellant,* v. CHARLES HERBERT MOORE et al., *Respondents.*[1]

CONTRACTS—CONSTRUCTION—PERSONAL LIABILITY. Under a contract providing that the plaintiff, as selling agent, should be "reimbursed" out of the proceeds of the sales of lots for improvement charges, and if not so paid, that the amount expended should be chargeable against the defendants' lots, the plaintiff is not entitled to a personal judgment in the amount of the expenses, when the proceeds of the sales failed to pay the same.

LIENS—REDEMPTION—CONTRACT RIGHT. In such a case, the clause in the contract giving the defendants the option to take unsold lots upon paying the plaintiff the improvement charges, extended to the defendants the mere privilege to be exercised under the contract, and upon foreclosing the equitable lien for the charges, it is error to decree to the defendants the right of redemption, there being no statute authorizing the same.

COSTS—ALLOWANCE—DISCRETION. It is discretionary to deny costs to either party where the decree fixes the rights of the parties according to equity and not according to the contentions of either party.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered October 30, 1916, upon findings in favor of the defendants, in an action on contract, tried to the court. Modified.

*Smith & Mack,* for appellant.

*Hamblen & Gilbert* and *Shepard, Burkheimer & Burkheimer,* for respondents.

MORRIS, J.—In November, 1908, the respondents Moore were the owners of an undivided one-half interest in a forty-acre tract of unplatted land near Spokane, the other one-half being owned by the Finch Investment Company. The owners, being desirous of platting, improving, and selling the land, entered into a contract

[1]Reported in 170 Pac. 551.

whereby, so far as here material, the Moores employed and appointed the predecessor of the appellant—a corporation which subsequently assigned its interest in the contract to appellant—as their agent to plat, improve and sell the lands. The life of this contract was five years, and its material parts are as follows:

"(5) It is agreed by the first, second and third parties hereto that said second party shall, at its own expense, improve said lands, either before or after the same are platted, and grade and curb the street, build sidewalks and lay water mains and otherwise improve said addition, and said second party is also authorized, out of its own funds, to contribute toward the improvement of the public park in the vicinity of said lands, and to procure street car service, and to expend moneys in advertising said addition, and said second party shall be reimbursed therefor so far as first parties are concerned as herein provided.

"(6) The proceeds of sales of such portion of said addition as said first parties are to be entitled to shall be divided as follows:

"There shall first be deducted from the proceeds of sales by said second party ten per cent thereof as said second party's commission, and the remaining ninety per cent of such proceeds shall be disposed of as follows:

"The cost of improving said addition, including the cost of surveying, platting, grading, curbing, sidewalks and water mains, and furnishing abstracts to purchasers, and paying taxes, shall be ascertained, and the amount thereof incurred on account of each lot shall be ascertained as nearly as practicable, such expense not to exceed an average of one hundred and eighty dollars per lot exclusive of taxes, the certificate of the engineer in charge of the work to determine the amount of improvement expenses chargeable to each lot, provided, if such estimate is not satisfactory to either the first or second parties hereto, then such amount shall be determined by arbitrators selected in the manner hereinafter provided for the selection of arbitrators by the first and second parties hereto, and there shall also

be ascertained the amount of general expenses paid by said second party in (a) advertising said addition, (b) for the improvement of the public park, and (c) for procuring street car service in the vicinity of said addition, and twenty eighty-sevenths of said last three amounts shall be chargeable to the lots of said first parties in an equal amount against each lot, provided the amount chargeable on such account shall not exceed thirty dollars per lot, and said amount together with the cost of improving each lot which is to be determined as above mentioned shall be the total improvement charge against each lot, and said second party shall be entitled to receive and retain out of the aforesaid ninety per cent of the purchase price such proportion thereof as the entire amount of the improvement expenses and general expenses against the property herein described bear to thirty-two thousand dollars, provided, however, that if the second party shall within said five years acquire any property in Highlands Addition such property shall be considered in fixing the proper proportion of such general expenses to be charged against the property of said first parties on the same general principle on which the above proportion of 20-87 was arrived at; the general intention regarding the apportionment of said general expenses being that the property of said first parties shall bear such proportion of such general expenses as their property bears to the Adams Tract hereinbefore referred to and such additional property as said second party may acquire in said Highlands Addition during said term of five years. Said purchase moneys shall be held for not to exceed six months from this date, and if all improvements and general expenses are not known by that time, then the division of proceeds of sales shall be based upon the second party's estimate of future expenses until the exact expenses are known, at which time the true proportion shall be ascertained and settlement made accordingly. If at any time any refund is made by the city of Spokane on account of water mains such refund shall be divided between the first and second parties hereto in the same proportion as the proceeds of the sales of lots.''

This provision was subsequently modified in certain particulars not pertinent to this appeal.

"(7) At the end of said term of five years or sooner termination of this contract, all lots in said addition covered by the terms of this agreement and to which said first parties are entitled and which have not been sold or contracted to be sold, shall be reconveyed to said first parties upon their paying to said second party the total improvement charge against each lot not sold which is provided for in paragraph 6 of this agreement, together with the interest thereon at the rate of six per cent per annum from nine months after this date."

At the expiration of the contract, less than one-half of the lots allotted to respondents Moore had been sold, with a corresponding loss to the appellant of the amount expended by it in the improvement of the property. Appellant thereupon brought this action, in which it sought a personal recovery against the Moores for the amount claimed due it under the contract; prayed for an equitable lien on the unsold lots and the foreclosure thereof, and for a deficiency judgment against the Moores for any sum unpaid after foreclosing the lien and applying the proceeds to the amount found due. The lower court in its decree denied appellant any personal or deficiency judgment against the Moores; established a lien in favor of appellant upon the unsold lots for the amount due it; ordered the property sold in satisfaction of the lien; and decreed that the Moores were entitled, within one year, to redeem from this sale, and gave them judgment against appellant for $7,259.14, the balance of the proceeds of sales of the lots in the hands of appellant belonging to the Moores. The decree denied costs to either party.

On this appeal the Cannon Hill Company complains, first, of the denial of a personal or deficiency judgment against the Moores; second, giving the Moores the right of redemption; third, the disallowance of

costs below.   In determining the proper construction
of this contract, special reference must be made to the
provisions of paragraph five providing that "the sec-
ond party (appellant) shall be reimbursed therefor so
far as first parties (Moores) are concerned as herein
provided," and the provisions of paragraph seven af-
fecting and determining the rights of the parties at
the termination of five years.  The word "reimbursed"
must be given the meaning fixed by the parties them-
selves in paragraphs five and six of the contract.  It is
plain that it was the intent of all the parties that appel-
lant should be repaid its expenditures out of the pro-
ceeds of sales under the contract, and if not so paid, the
amount expended under paragraph five should be
chargeable against the lots.  Paragraph six has to do
with no other fund than the proceeds of sales.  We,
therefore, sustain the judgment of the lower court in
holding that appellant was not entitled to either a per-
sonal or deficiency judgment against the Moores.

Coming now to the second question.  Paragraph sev-
en of the contract gives an option to the Moores to take
the unsold lots upon paying to the appellant the im-
provement charges against the lots with interest at six
per cent, computed from nine months after the date of
the contract, but creates no obligation to do so.  It ex-
tends a privilege to be exercised by the Moores at their
will.  If this privilege is not exercised, appellant must
look to the lots themselves for reimbursement and be
content with its equitable lien.  In this respect, there
is no distinguishable difference between this contract
and that construed in *Griggs v. Gower,* 29 Wash. 86,
69 Pac. 745, as a reservation of an option to take the
lots, but imposing no liability to do so, nor establish-
ing any personal liability for the amount due.

Upon the second assignment of error, we think the
lower court was wrong.  The rights of the Moores to

the unsold lots were created by paragraph seven, extending to them the privilege or option to take the title as therein provided. Their rights cannot be extended beyond this option. The right of redemption exists only by virtue of statute, save as the parties may create it by contract. There is no statute in this state under which the right can be awarded, and there is no provision in the contract for preserving it. The right not existing by statute or contract, the lower court was powerless to decree it. *Conway v. John,* 14 Colo. 30, 23 Pac. 170; *Littler v. People ex rel. Hargadine,* 43 Ill. 188; *Gosmunt v. Gloe,* 55 Neb. 709, 76 N. W. 424; *Crisfield v. Murdock,* 127 N. Y. 315, 27 N. E. 1046; Rorer, Judicial Sales (2d ed.), §§ 1148-1151.

The decree of the lower court denying costs to either party cannot be disturbed. In awarding its decree fixing the rights of the parties, not according to the contention of either, but as it appeared equitable to the lower court, a discretion as to awarding costs arose, the exercise of which cannot be disturbed here for want of manifest abuse. The situation is practically the same here. Neither party is sustained as a whole on this appeal, and no costs will be awarded here. The cause is remanded for a modification of the decree as to the right of redemption in accordance with the views here expressed. Otherwise, the judgment is affirmed.

ELLIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.