[No. 22103.   Department Two.   November 19, 1929.]

NATIONAL SURETY COMPANY, *Appellant,* v. GEORGE O. SWASEY, *Respondent.*[1]

*Robert B. Abel,* for appellant.

*E. R. York,* and *George O. Swasey,* for respondent.

FRENCH, J.—Early in the year 1926, A. E. Anderson, Inc., was the owner of a certain building lot in the city of Tacoma.  The company planned to erect a dwelling

[1]Reported in 282 Pac. 209.

house thereon, and, for the purpose of securing the necessary money to properly finance such building operations, borrowed from the College of Puget Sound six thousand dollars. Plans and specifications had been prepared, and the house was to be erected for a prospective purchaser, one Arthur N. Drips. An executory contract of sale had been prepared and executed, covering the property in question, wherein and whereby Drips agreed to purchase and Anderson agreed to sell the property in question. At the time the six thousand dollars was borrowed from the College of Puget Sound, a mortgage was given on the property in question, and, as a part of the same transaction of giving the mortgage and securing the money, the owner, as principal, and the National Surety Company, as its surety, made, executed and delivered to· the College of Puget Sound a bond in the sum of six thousand dollars. The bond, after making certain recitals, provided among other things:

"Whereas, the principal, A. E. Anderson, Inc., is desirous of securing from said obligee, payments on this mortgage, from time to time, as the work on said dwelling house progresses; said payments never to exceed the total amount of six thousand and No/100 Dollars ($6,000), and payments in advance thereon to be made only by the obligee on the approval of Arthur H. Middleton, representing the surety hereon,

"Now, therefore, the condition of this obligation is such that if the principal A. E. Anderson, Inc., shall complete the dwelling house and improvements upon the above described property, according to plans and specifications now approved by College of Puget Sound, and shall pay and discharge all liens and claims arising against said premises, for the construction and completion of said dwelling house and improvements, and shall hold the said College of Puget Sound, an educational corporation of Tacoma, Washington, harmless from any loss, cost or damage, by reason of any

such liens or claims, then this obligation shall be null and void, otherwise to remain in full force and effect.''

Work was commenced on the erection of the building, and thereafter, and while the building was in process of construction, and particularly sometime in August, 1926, A. E. Anderson, Inc., was adjudged insolvent, a receiver appointed, a large number of liens were filed against the property for labor and material, which liens amounted to something in excess of four thousand dollars. In the meantime, the respondent, George O. Swasey, had, early in June, 1926, purchased the property in question from A. E. Anderson, Inc. Mr. Swasey was, at that time, secretary of A. E. Anderson, Inc., knew that the house was in process of construction, was familiar with the property in every way, and knew that the bond had been given to the College of Puget Sound. The building being uncompleted at the time of the receivership, the holder of the note and mortgage demanded of the surety company that it complete the building in accordance with the plans and specifications, and pay all liens and claims against the same. This the surety company refused to do. Thereafter Mrs. D. W. Warren, acting under the advice of Mr. Swasey, her attorney, purchased the note and mortgage from the College of Puget Sound, took a written assignment of the bond, and all interest therein and thereunder, caused the building to be completed and caused all lien claims of every kind against the building to be paid. In all these matters she was acting by and under the advice of respondent.

Thereafter an action was commenced by Mrs. Warren against the National Surety Company to recover on the bond, and recovery was allowed in the full amount of the bond. A more detailed and comprehensive statement of the facts involved in that controversy will be found in *Warren v. National Surety Co.,*

149 Wash. 378, 271 Pac. 69. In that case, this court said:

"However, there was in appellant's answer an appeal for just and equitable relief, under the pleadings and facts in the case. It is clear that all the money for which the respondent now recovers judgment went into the improvement of the property. It also appears, upon plaintiff's own proof, that the principal debtor, A. E. Anderson, Inc., became and is insolvent. The present owner of the property, though not a nominal party to the action, upon being called by the respondent as a witness, testified that, in taking title to the property, he knew the property was responsible for charges or liens of the laborers and materialmen, and that it was upon his advice, after he became owner of the property, that the respondent paid them.

"While the obligation of the appellant as surety was direct to the holder of the bond, it was secondary in its relation to the principal debtor, A. E. Anderson, Inc., now insolvent, and upon being met by the surety, clearly suggests an equitable claim in favor of the surety upon the property that received the benefit of the expenditures. Under these circumstances it is only just and equitable, upon the payment by the appellant of the judgment now awarded against it to require the respondent to execute and at that time deliver to the appellant an assignment of any and all right or interest, or right of action legal or equitable, she had or may have against the principal debtor, and as affecting the property involved on account of payments made by her in completing the building and satisfying liens filed against it, to the amount of the judgment only, all such rights so assigned to be subordinate and inferior to her rights under her note and mortgage; and that the judgment appealed from should be modified to provide accordingly."

In accordance with the decision of this court in the above mentioned case, judgment was entered, and it having been paid by the National Surety Company, Mrs. Warren, in accordance with the terms of the judgment, assigned all her right, title and interest against

the principal debtor, now insolvent, and against the property involved, to the National Surety Company. This action was brought by appellant to establish and enforce an equitable lien on the property in question, and involves only the amount of the lien to which appellant is entitled.

The lower court permitted recovery in the amount of $827.07. Appellant claims it is entitled to recover for the full amount paid Mrs. Warren, to wit, $6,420. When respondent purchased the property in question, he purchased it subject to an executory contract of sale which provided:

"The vendor agrees that he will cause to be constructed at his own expense on said lots a dwelling house in accordance with the plans and specifications, signed by the parties hereto."

Respondent also purchased the house while it was in course of construction. He was, at that time, secretary of A. E. Anderson, Inc. A. E. Anderson, Inc., was principal on the bond given to the College of Puget Sound guaranteeing that they would "pay and discharge all liens and claims arising against said premises for the construction and completion of said dwelling house and improvements." The primary obligation of completing this house rested on respondent's grantor under the facts as we have detailed them. Mrs. Warren was under no legal obligation to pay these liens or to complete the building, but having done so, at the express solicitation and advice of the respondent, she was entitled to an equitable lien for the amount expended. *Cannon Hill Co. v. Moore,* 100 Wash. 247, 170 Pac. 551; *Griggs v. Gower,* 29 Wash. 86, 69 Pac. 745; *Merrihew v. Parrott,* 168 App. Div. 704, 154 N. Y. Supp. 747; *Glass v. Hampton,* 122 S. W. (Ky.) 803; *Clatworthy v. Ferguson,* 72 Colo. 259, 210 Pac. 693.

All the rights of Mrs. Warren were, by assignment,

transferred to appellant. Under the facts, Mrs. Warren was entitled to be protected for every dollar of expenditure made by her, so also the surety, in so far as it succeeded to her rights, is entitled to the same protection.

Some claim is made that respondent relied upon the bond given in this case for his protection. But an examination of the provisions of this bond show clearly that it was given for one purpose only, and that was to protect the College of Puget Sound and its successors and assigns.

It is claimed on behalf of respondent that he is a purchaser standing somewhat in the position of one who buys negotiable instruments before maturity; that is, that he was a purchaser in good faith, for value, and without notice of any defects in the title; but respondent knew at all times that this house was in course of construction at the time he purchased it. Knowing that, he is conclusively presumed to have known that it might become liable for lien claims for both material and labor. The money expended in the completion of the house and paying off the lien claims was paid under his direction, and while it is true that sureties cannot follow the property of the principal into the hands of purchasers without notice, yet the purchaser in this case had full knowledge of every material fact, and, we think the record discloses, would have been abundantly protected, and the house undoubtedly completed, had it not been for the sudden and unexpected death of Mr. Anderson, the moving spirit of A. E. Anderson, Inc., about July 1, 1926.

While it is true that the respondent was not a party to the case of *Warren v. National Surety Co., supra,* it is equally true that he was not a party to the bond, and was in no way protected thereby. He is the successor in interest to the principal on the bond, and

when he purchased this property under the conditions above outlined, knowing that, under the lien laws of this state, the property purchased was liable for the costs of the improvements being placed thereon, and knowing also that his grantor had executed the contract of sale above referred to, and was bound to complete the house according to the plans and specifications, he cannot now complain if those who advanced and paid the construction costs are first reimbursed.

We adhere to the decision in the *Warren* case, *supra,* and hold that Mrs. Warren must be first fully reimbursed, and that the bonding company, appellant, in so far as it has succeeded to her interest, is entitled to, and has, an equitable lien on the property, subject to the claim of Mrs. Warren, for the full amount it was required to pay.

Reversed, with instructions to proceed in accordance with this opinion.

MITCHELL, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.