STOFBERG *v.* LEVLAND, INC., TRADING AS
EDDIE'S SUPER MARKET

[No. 224, October Term, 1956.]

478

*Decided June 4, 1957.*

The cause was argued before COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ., and McLAUGHLIN, J., Associate Judge of the Fourth Judicial Circuit, specially assigned.

Submitted on brief by *Albert G. Aaron,* for appellant.

*Isidor Roman,* with whom were *Louis J. Sagner* and *J. J. Kent* on the brief, for appellee.

McLAUGHLIN, J., by special assignment, delivered the opinion of the Court.

In July, 1956, a deed of trust for the benefit of creditors was executed by Levland, Inc., trading as Eddie's Super Market, to certain trustees. The Circuit Court of Baltimore City assumed jurisdiction of the trust and authorized a public sale of the corporate assets to be held on August 1, 1956, at the business premises located at No. 5437 Reisterstown Road in Baltimore. The appellant says he had no knowledge of this sale until the morning of August 1. While having breakfast across the street from the sale site he noticed a sign advertising the sale, saw people going into the market and decided to attend. The assets were offered as an entirety and by detail bid. An entirety bid of $21,000 made by appellant proved to be the highest so he gave his check for $5,000 to the auctioneer, promising to pay the balance later.

Thereafter appellant refused to pay the balance of $16,000. He contended that statements had been made by the auctioneer at the sale which gave him the impression that the premises at No. 5437 Reisterstown Road were under lease but that a lease for premises numbered 5433, and in the same

shopping center, could be negotiated. He states such statements gave him added incentive to bid and made the assets more valuable. Appellant says he was unable to negotiate a lease at No. 5433 and was justified in not completing his agreement.

When the trustees and their counsel learned of appellant's refusal to pay the balance due they acted with dispatch and on August 7 notified appellant by registered mail that the trustees "would sell, at his risk and expense, the assets of the trust estate * * * unless payment of the balance were made by August 10, 1956". On August 9 counsel for trustees presented to the court a petition setting forth the refusal of appellant to pay the balance due and the court passed an order directing a re-sale of the assets at the risk and expense of appellant. The order did not provide for service of a copy thereof on appellant nor give him an opportunity therein to show cause why the re-sale should not be made. It was in fact a final order. However, a copy of the petition and order was sent by registered mail to appellant.

Appellant promptly consulted counsel and on August 14 his attorney mailed to counsel for trustees a copy of a petition signed and sworn to by appellant, containing an unexecuted Order Nisi, and plainly indicating it was to be filed in the trust estate court proceedings. This paper was captioned "Petition to vacate the Order of the Circuit Court of Baltimore City dated and passed August 9, 1956". For some reason which does not appear in the briefs or the record of this case, appellant's counsel never filed this petition. Appellee's brief states that appellant's counsel called a meeting in Judge Warnken's chambers on August 15, and following and as a result of that conference, the appellant elected and determined not to file his said petition. Appellant makes no contention that he was misled or lulled into any false security as a result of the conference. He makes no reference whatsoever to this petition and conference so we can only conclude that he would prefer that these happenings be forgotten.

The re-sale was held on August 20. Appellant was present, made an entirety bid of $15,000, depositing his check in such amount with the auctioneer. The assets were offered in de-

tail and such sale produced $19,000.80, so appellant's check was returned.

On August 28 appellant filed a petition asking that the first sale be declared null and void and his deposit of $5,000 returned. Later an amended petition sought the same relief. Trustees answered and after a hearing the Chancellor below dismissed the petition. This appeal is from that decision.

Appellant seeks relief here by arguing: (1) the order to resell was not legally served on him and did not provide him an opportunity to show cause why the order should not become final; (2) that a judicial sale is not valid which is neither reported by the trustees nor confirmed by the court prior to a re-sale of the same assets; (3) a judicial sale should be set aside when, upon timely objection, the successful bidder proves his bid resulted from a mistake induced by an innocent misrepresentation made by an auctioneer.

The authority of the court to order a re-sale is not questioned. Code (1951), Art. 16, sec. 260. The complaint of appellant relates to the procedural method used to bring this about. The case of *Schaefer v. O'Brien,* 49 Md. 253, is the main prop of appellant to support his plea for reversal under his first argument. This case holds that where sales have been reported and the purchaser refuses to comply with the terms thereof, the court may order that cause be shown why the terms of sale are not complied with and the court after considering the circumstances may ratify or set aside the sale. "But if the sale be ratified, and the party still fail(s) to comply, the court may then proceed, in a summary way, by order *nisi* and final order, to direct a re-sale of the property at the risk of the purchaser."

The *Schaefer* case on the facts is clearly distinguishable. There the order for re-sale was passed without any notice to the purchaser, or affording him in any way the slightest opportunity to be heard. Here we have notice of the order to the purchaser; preparation by counsel of proceedings to set the order aside which, for unexplained reasons, were withheld from filing; a conference in court chambers concerning the proposed re-sale; and lastly but most significantly, acquiescence with and participation in the re-sale which is

demonstrated by the appellant's appearance at the second sale as an active bidder.

If we assume for argument's sake, without deciding, that better practice dictates that the order provide for notice and an opportunity to show cause, it can afford appellant no comfort, for the obvious reason that he received notice and had adequate opportunity to protest. Rather than protestation his actions showed complete affirmation. Appellant waited until eight days after the re-sale before voicing complaint to the sale proceedings.

It has long been held that judicial sales will not be set aside for causes that the parties in interest might with a reasonable degree of diligence have obviated. Every intendment will be made to support them. *Kauffman v. Walker,* 9 Md. 229; *Farmers' Bank v. Clarke,* 28 Md. 145; *Ivrey v. Karr,* 182 Md. 463.

The appellant's second argument relates to the provisions of Art. 16, sec. 271, Code (1951). This section provides: "No sale made by a trustee appointed by the court shall be valid unless such sale is confirmed by the court * * *." The sales made herein, namely on August 1 and August 20, 1956, were reported on September 7, 1956. The court by the usual order ratified and confirmed the sales subject to exceptions. No exceptions were filed and in due course they were finally ratified and confirmed. Appellant contends that failure of the trustees to report and have confirmed the first sale prior to the re-sale of the assets to a different purchaser invalidates the sale because of the mandate of the above section.

We make no ruling on this contention as it is not properly before this Court. The appellant never alleged in his original or amended petition that the sale was illegally reported and confirmed. His request for relief was based solely on the circumstances surrounding the August 9 order for re-sale and for alleged misrepresentations made at the sale. The question was never presented nor decided by the lower court and cannot be decided here (Rule 885, Maryland Rules of Procedure). The appellant's failure to except to the report and confirmation of sale would seem to close the door to this complaint, but we make no specific holding thereon.

482

Finally, we hold that the Chancellor did not err in his finding after a hearing that there was insufficient evidence to support a contention that appellant's bid resulted from a mistake induced by innocent misrepresentation. A review of the evidence shows conclusively that although a slight difference in language was used by the witnesses, the gist of the statements made was that no lease was available for No. 5437, but No. 5433 was vacant and the landlord should be consulted about a lease. Appellant himself admits being told by the attorney for the landlord, who was present at the sale, but had no interest therein, that he would have to talk to the landlord about a lease. We find nothing in the testimony, as charged by the appellant, to support a finding that an implied promise of a lease was voiced in order to stimulate bidding.

We find no injustice, fraud, misrepresentation or irregularity that would justify a reversal of Chancellor's decree. See *Miller, Equity, Procedure,* § 498; *Ivrey v. Karr, supra; Sawyer v. Novak,* 206 Md. 80; Rule 886, Maryland Rules of Procedure.

*Decree affirmed, with costs.*